CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

**MAY 1 2 2009**

JOHN F CORCORAN, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

**ROBERT A. UNGER,**
      **Petitioner,**

                                   **Civil Action No. 7:09-cv-00159**

                                   **MEMORANDUM OPINION**

**v.**

                                   **By:   Hon. James C. Turk**
                                                   **Senior U.S. District Judge**

**SUPERINTENDENT NRADC,**
      **Respondent.**

        Petitioner Robert A. Unger, a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of his confinement under the November 2008 judgment of the Clarke County General District Court, convicting him of false summons, marijuana, and profane language. Upon consideration of the petition, the court is of the opinion that it should be dismissed summarily pursuant to Rule 4 of the Rules Governing § 2254 Cases. A petition may be dismissed under this rule if it is clear from the petition that the petitioner is not entitled to relief.

        Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971).

        The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, a non-death row felon can exhaust the state remedies in one of three ways, depending on the nature of the claims raised. First, the inmate can file a direct appeal to the Virginia Court of

Appeals, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him/her. Second, the inmate can attack the conviction collaterally by filing a state habeas petition with the circuit court where the inmate was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code §§ 8.01-654(A)(1); 17.1-411. Finally, the inmate can exhaust the remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that the inmate ultimately must present his/her claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.

In this case, the petition clearly shows that petitioner has not presented the claims to the Supreme Court of Virginia as required. Petitioner filed a petition for a writ of habeas corpus in the Circuit Court of Clarke County, which that court dismissed on January 29, 2009.[1] (Pet. 3.) Petitioner alleges that he filed a habeas corpus appeal with the Supreme Court of Virginia on February 26, 2009.[2] Petitioner included with his petition a letter dated April 28, 2009, from the Chief Deputy Clerk of the Supreme Court of Virginia. The clerk informed the petitioner that the Supreme Court of Virginia received his "appeal" from the general district court and forwarded him the requisite information and documents to perfect his appeal. The clerk also informed petitioner that the time to perfect his appeal from the circuit court has expired. Petitioner signed his instant petition on April 30, 2009, soon after he received the clerk's letter. Petitioner does not establish that he ever presented the issues raised in the instant federal petition to the Supreme Court of Virginia

---

[1] Petitioner presumably means 2009, although he wrote 2008, since he was not convicted until March 2008 and was sentenced in November 2008.

[2] Petitioner again presumably means 2009, although he wrote 2008.

2

before he filed the instant petition. Therefore, petitioner's failure to exhaust the state remedies mandates summary dismissal of the petition by this court.[3] An appropriate final order will be entered this day.

The Clerk of the Court is directed to send certified copies of this memorandum opinion and final order to petitioner.

**ENTER**: This _12th_ day of May, 2009.

_James C. Tur_
Senior United States District Judge

---

[3] Petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief <u>after presenting his claims to the Supreme Court of Virginia through one of the three routes described</u>. Petitioner is advised, however, that his time to file state or federal habeas petitions is now limited. <u>See</u> 28 U.S.C. §2244(d); Virginia Code §8.01-654(A)(2).

3